IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERNEST PORTER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-549 |
| | ) | |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| JEFFREY A. BEARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Ernest Porter is a state prisoner incarcerated at the State Correctional Institution at Greene, located in Waynesburg, Pennsylvania. Plaintiff alleges in his Amended Complaint (Doc. 13) that a Defendant Dennison threw out the contents of Plaintiff's Native American "medicine bag," thereby violating his right to freedom of religion, and his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA). Plaintiff details in his Amended Complaint a history of alleged harassment by Defendant Dennison, including several grievances Plaintiff filed with respect to Dennison's activities. Plaintiff asserts that he has been subjected to unlawful retaliation due to his exercise of his right to file grievances.

Plaintiff has filed a Motion to Compel (Doc. 29) asserting that Defendants failed to produce certain categories of documents in response to his requests for production. Defendants have responded (Doc. 30) and rely upon the objections made in their responses to Plaintiff's requests.

Plaintiff states that Defendants responded to requests 4 and 7, but that no documents were produced with respect to the remaining requests (Doc. 29, p. 2). Plaintiff argues that the objections made by Defendants are "boilerplate" and improper.

"The party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." Option One Mortgage Corp. v. Fitzgerald, 2009 WL 648986 (M.D.Pa. Mar. 11, 2009). As noted above, Plaintiff concedes that he received adequate responses to requests 4 and 7. Further, Defendants responded to requests 6 and 9, and also provided responses to requests 2, 5 and 14 after making objections. Plaintiff has not indicated how the responses to these requests are inadequate and, hence, he is not entitled to an order compelling any further response to these requests.

Request 1 seeks documents relating to any grievance filed against Defendant Dennison for the previous 3 years. Similarly, request 3 seeks all documents relating to any complaint concerning "abuse, harassment or mistreatment" of prisoners against Defendant Dennison for the previous 5 years. Defendants objected on several bases, including that such matters are irrelevant because the information would necessarily relate to inmates other than Plaintiff. Plaintiff has not indicated how such matters would be relevant to his case, and has, accordingly, not met his burden.

Request 8 seeks all documents directing corrections officers how to deal with "capital case inmates," and request 10 seeks documents concerning any lawsuits filed against Defendant Dennison for the last 10 years. Again, Defendants raise relevancy objections, and Plaintiff has failed to meet his burden of indicating how such documents are relevant to his claims.

Request 12 seeks documents concerning Defendant Dennison's psychological condition. Plaintiff has made no showing of how this would be relevant to his case, and certainly has not

identified any basis for overriding Defendant Dennison's interest in confidentiality of any such medical records.

Requests 13 and 15 seek prisoner grievances or complaints against Dennison since his removal from "L-Block," i.e., after the incidents at issue in this case. Defendants rightly assert that any such complaints or grievances occurring after the operative facts of this case would be irrelevant.

AND NOW, this 12th day of November, 2009,

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel (Doc. 29) is DENIED.

IT IS FURTHER ORDERED that the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Rule 72.1.3(B) of the Local Rules for Magistrates. Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES MAGISTRATE JUDGE

cc:
ERNEST PORTER
AY-7434
SCI Greene
175 Progress Drive
Waynesburg, PA 15370