IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERNEST PORTER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-549 |
| | ) | Judge Ambrose |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| JEFFREY A. BEARD, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Plaintiff's Motion for Preliminary Injunction (Doc. 45) be denied.

### II. REPORT

Plaintiff, Ernest Porter, is a state prisoner who alleges that his right to free exercise of his religion was violated, and that he was retaliated against for filing grievances. Plaintiff has now filed a Motion for Preliminary Injunction (Doc. 45). Plaintiff does not clearly set forth his claims for injunctive relief in his Motion, but a review of the exhibits attached to the Motion offers some explanation.

Plaintiff seems to be asserting that he is being subjected to a continuing pattern of retaliation against him for filing this lawsuit. He complains that he has been moved to a different cell that is closer to the Unit Manager's Office, and that he finds this uncomfortable. Plaintiff also asserts that he has been denied a particular job assignment in the prison, and he also believes that the prison personnel on the institution's Program Review Committee are prejudiced

against him.  Plaintiff seeks an order directing that he be transferred from the State Correctional Institution at Greene to the State Correctional Institution at Huntingdon.

In determining whether preliminary injunctive relief is warranted, a court must consider: (1) whether movant has shown a reasonable probability of success on the merits;  (2) whether movant will be irreparably harmed by denial of the relief;  (3) whether granting preliminary relief will result in even greater harm to the nonmoving party;  and (4) whether granting the preliminary relief will be in the public interest.  Bieros v. Nicola, 857 F.Supp. 445 (E.D.Pa. 1994).  It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted).  With respect to the "irreparable harm" prong, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient."  United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir. 1976).  Additionally, "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future.  Rather, the moving party must make a clear showing of *immediate* irreparable harm."  Campbell Soup Co. v. Conagra, 977 F.2d 86, 91 (3d Cir. 1992) (internal quotations omitted, emphasis added);  Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir. 2000) (harm may not be speculative).

Even if Plaintiff is correct that the actions taken (i.e., moving him to a new cell and changing his job assignment) are attempts to retaliate against him for filing this lawsuit, he has not shown that he is subject to immediate, irreparable harm as is necessary to warrant preliminary injunctive relief.  Further, the claims concerning the Program Review Committee appear to be speculative.  Finally, even if the Court were to be convinced that Plaintiff otherwise

met the requirements for preliminary injunctive relief, the Court is not convinced that it has the power to enter an order directing the Department of Corrections to transfer Plaintiff to a specific state correctional institution.

### III.    CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Plaintiff's Motion for Preliminary Injunction (Doc. 45) be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by February 17, 2010.


February 3, 2010                                       s/Cathy Bissoon
                                                       CATHY BISSOON
                                                       UNITED STATES MAGISTRATE JUDGE


cc:
ERNEST PORTER
AY-7434
SCI Greene
175 Progress Drive
Waynesburg, PA 15370