**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ERNEST PORTER,              )
                                   )
           Plaintiff,        )        Civil Action No. 09-549
                                   )        Judge Ambrose
     v.                    )        Magistrate Judge Bissoon
                                   )
JEFFREY A. BEARD, *et al.*,     )
                                   )
           Defendants.     )

## <u>ORDER</u>

Ernest Porter is a state prisoner incarcerated at the State Correctional Institution at Greene, located in Waynesburg, Pennsylvania. The undersigned has recommended that Defendants' Motion to Dismiss (Doc. 33) be granted in part and denied in part, and that all claims be dismissed save for Plaintiff's claims that Defendant Dennison violated Plaintiff's right to practice his religion, and acted with an improper retaliatory motive, when he threw out the contents of Porter's Native American "medicine bag" during a cell search (Doc. 51). Plaintiff has filed a motion seeking three things: (1) the appointment of counsel to represent Plaintiff; (2) a stay of proceedings so that counsel can be appointed; and (3) a competency hearing (Doc. 53).

The Court has already denied a motion seeking the appointment of counsel (Doc. 14). Plaintiff seeks reconsideration of that ruling because an inmate who has been assisting him in this case will no longer be able to do so. Plaintiff asserts that he is "mentally retarded" and unable to represent himself. Plaintiff, as he did in his previous motion, relies upon two 1996 declarations, one from a psychologist, and another from a psychiatrist.[1] The thrust of the declarations is that Plaintiff had identifiable mental and emotional problems that ought to have

---

[1] The Court is unable to ascertain the authenticity or the purpose of these unsworn documents.

been explored during Plaintiff's state court criminal trial and sentencing. Neither declaration contains an actual opinion concerning Plaintiff's competency at the time of trial, or at the time the declarations were prepared. For example, one declaration concludes with the statement that Plaintiff's history "is one of serious psychiatric problems and mental impairment, raising substantial questions about competency that should have been evaluated professionally at the time of trial." (Doc. 53-3, p. 4). I.e., the declarant is of the opinion that someone should have been asked their opinion of Plaintiff's competency at the time of trial. Plaintiff has not alleged the he was, in fact, found incompetent by the state courts, or even that the underlying facts set forth in the declarations were accepted by the state courts. These declarations did not offer a basis for finding that Plaintiff was unable to represent himself when he first presented them, and they carry no additional weight now.

In short, there has been no relevant change in circumstances that would justify the appointment of counsel in this case. In fact, if the Report and Recommendation is adopted, the case will be even less complicated than it appeared when Plaintiff's initial request for counsel was denied, and this would make at least one of the relevant factors weigh more heavily **against** appointing counsel.

AND NOW, this 10th day of June, 2010,

IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel (Doc. 53) is DENIED for the reasons set forth in the Court's prior order (Doc. 14). Plaintiff's request for a stay to permit the appointment of counsel (Doc. 53) is DENIED AS MOOT, and his request for a competency hearing is DENIED.

IT IS FURTHER ORDERED that the parties are allowed until June 24, 2010 to appeal this order to a district judge pursuant to Rule 72.C.2 of the Local Rules for Magistrates. Failure to timely appeal may constitute waiver of the right to appeal

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES MAGISTRATE JUDGE

cc:
ERNEST PORTER
AY-7434
SCI Greene
175 Progress Drive
Waynesburg, PA 15370