IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ERNEST PORTER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-549 |
| | ) | Judge Ambrose |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| JEFFREY A. BEARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### I. **RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that Plaintiff's Motion for Preliminary Injunction (Doc. 61) be denied.

### **II. REPORT**

Plaintiff, Ernest Porter, is a state prisoner who alleges that his right to free exercise of his religion was violated, and that he was retaliated against for filing grievances, when the contents of his Native American medicine bag were thrown away by a corrections officer. Plaintiff has now filed a Motion for Preliminary Injunction asserting that he still has not been provided with replacement materials for his medicine bag as required by his religion (Doc. 61). Defendants have responded to the motion (Doc. 63) and they note that Plaintiff's own exhibits establish that he has been offered an envelope filled and prepared by "Native American Hoop members" that would refill his medicine bag, but that Porter has refused delivery of the envelope because it is being delivered by the prison's contract chaplain who is not Native American (Doc. 61-3, p. 3).

In determining whether preliminary injunctive relief is warranted, a court must consider: (1) whether movant has shown a reasonable probability of success on the merits; (2) whether movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary

relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Bieros v. Nicola, 857 F.Supp. 445 (E.D.Pa. 1994). It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted). With respect to the "irreparable harm" prong, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir. 1976).

Plaintiff cannot establish a likelihood of success on the merits because he cannot establish that prison officials have restricted the practice of his religion. Instead, the evidence establishes that Plaintiff's continued lack of materials for his medicine bag is his own doing. Likewise, Plaintiff cannot establish irreparable harm because he can, himself, end any harm to his religious practices by accepting the religious materials offered to him.

### III. CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Plaintiff's Motion for Preliminary Injunction (Doc. 45) be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by August 26, 2010.

August 12, 2010        s/Cathy Bissoon
       CATHY BISSOON
       UNITED STATES MAGISTRATE JUDGE

cc:
ERNEST PORTER
AY-7434
SCI Greene
175 Progress Drive
Waynesburg, PA 15370