# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERNEST PORTER, | ) |
| Plaintiff, | ) Civil Action No. 09-549 |
| v. | ) Senior Judge Ambrose |
| | ) Magistrate Judge Bissoon |
| JEFFREY A. BEARD, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Plaintiff Ernest Porter ("Plaintiff") is an inmate at the State Correctional Institution at Greene ("SCI-Greene") who has filed a civil rights action pursuant to the provisions of 42 U.S.C. § 1983.

Plaintiff moves this Court to compel Defendant Dennison ("Dennison") to produce various documents through discovery, including: 1) documents relating to grievances filed against Dennison in the past ten years; 2) Dennison's first name; 3) documents relating to any reprimands that Dennison received in the past ten years; 4) documents relating to any lawsuits filed against Dennison in the past ten years; and 5) "any and all documents filed against" Dennison since his removal from the L-Block capital case unit. (Docs. 69, 69-1). Dennison has responded to this motion, see (Doc. 76), and after averring that his first name is "Patrick[,]" objected to Plaintiff's requests on relevancy and procedural grounds.

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." Hickman v. Taylor, 329 U.S. 495, 501 (1947). The polestar of discovery is relevance. Relevance

for discovery purposes is defined broadly.  See Rega v. Beard, No. 08-156, 2010 WL 2404420, at *1 (W.D.Pa. June 10, 2010) (Bissoon, M.J.).

Rule 37 of the Federal Rules of Civil Procedure allows a party who has received evasive or incomplete discovery responses to seek a court order compelling additional disclosure or discovery.  However, "[t]he party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper."  Opinion One Mortg. Corp. v. Fitzgerald, No. 3:07-cv-1877, 2009 WL 648986, at *2 (M.D.Pa. Mar 11, 2009) (internal citations and quotes omitted).

In his response to the instant motion, Dennison notes that the discovery requests at issue are substantially similar to requests that were the subject of a previous discovery motion made by Plaintiff, see (Doc. 29-2), which was denied by this Court (Doc. 39).  Indeed, a review of Plaintiff's prior motion indicates that the current requests differ from the former only in that Plaintiff now seeks documents spanning a longer period of time.  As in that earlier motion, Plaintiff fails to establish why these documents are relevant to his case and, consequently, his motion to compel will be denied.

AND NOW, this 6th day of January, 2011,

IT IS HEREBY ORDERED that the Plaintiff's motion to compel disclosure of discovery (Doc. 69) is DENIED.

IT IS FURTHER ORDERED that in accordance with Rule 72.C.2 of the Local Rules for Magistrates, objections to this order are due by January 20, 2011.  Failure to file objections by this date may constitute a waiver of any appellate rights.

s/Cathy Bissoon<br>CATHY BISSOON<br>UNITED STATES MAGISTRATE JUDGE

cc:
**ERNEST PORTER**
AY-7434
SCI Greene
175 Progress Drive
Waynesburg, PA 15370