# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERNEST PORTER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-549 |
| | ) | |
| v. | ) | Senior Judge Ambrose |
| | ) | Magistrate Judge Bissoon |
| JEFFREY A. BEARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons stated below, it is respectfully recommended that Defendant's motion for summary judgment (Doc. 72) be denied.

### II. REPORT

Plaintiff Ernest Porter ("Plaintiff") is an inmate at the State Correctional Institution at Greene ("SCI-Greene") who has filed a civil rights action pursuant to the provisions of the Civil Rights Act of 1871, 42 U.S.C. § 1983. In his amended complaint (Doc. 13) Plaintiff raised multiple constitutional and state law claims against several Defendants. Defendants filed a motion to dismiss (Doc. 33), which was granted in part and denied in part. See Report (Doc. 51); see also Order for June 21, 2010 (Doc. 57). Consequently, the only remaining claims are Plaintiff's First Amendment retaliation and Free Exercise claims against Defendant Dennison ("Defendant"). (Doc. 57) at 2. Currently before this Court is Defendant's motion for summary

judgment on those claims. (Doc. 72). Plaintiff has responded in opposition to that motion. (Docs. 77 – 78). This issue is ripe for disposition.

### A. Relevant Factual History

Plaintiff alleges in his amended complaint that during a cell search on December 4, 2008, Defendant Dennison improperly handled Plaintiff's Native American Medicine Bag ("medicine bag") and threw its contents into a garbage bin over Plaintiff's verbal objections. (Doc. 13) at 5. Plaintiff asserts that he was permitted by his institution to possess the medicine bag due to his religious beliefs, and that Defendant's actions were in violation of Department of Corrections ("DOC") policy. Id. at 8 – 9. Plaintiff filed institutional grievance number 252955 regarding the incident the following day. Ex. 2 to Def.'s Concise Statement of Material Facts (Doc. 74-3) at 2.

In this grievance, Plaintiff indicates that he had filed multiple institutional grievances against Defendant prior to this incident,[1] and that Defendant's actions with respect to his medicine bag were willful. The response of the investigating officer – former Defendant Santoyo – relates that Plaintiff discussed the incident with him during the course of the investigation. Id. at 5. Santoyo also apologized for Defendant's alleged actions, and indicated that Defendant would be informed of "the proper procedures of [sic] searching a Native American Medicine Bag." Id.

Defendant counters, in a brief declaration, that while he did handle Plaintiff's medicine bag during the search on December 4, 2008, he did so without retaliatory intent based on any

---

[1] See Ex.s B-1 – B-8, C-1 – C-7, and D-1 – D-7 to Pl.'s Resp. to Mot. for Summ. J. (Docs. 78-18 – 78-39).

2

grievances that Plaintiff had filed, and did not intend to violate Plaintiff's rights under the Free Exercise Clause. Ex. 4 to Def.'s Concise Statement of Material Facts (Doc. 74-3) at 35.

Complicating this matter is the fact that Plaintiff suffers from an apparently severe cognitive disability that affects his memory. Indeed, Plaintiff indicated several times during his deposition that he is unable to remember the events of December 4, 2008, and knows that his civil rights allegedly have been violated only because he was so informed by others. Pl.'s Dep., Ex. 1. to Def.'s Concise Statement of Material Facts (Doc. 74-2) at 9, 11, 16-17, 19. Plaintiff also has problems reading and writing, and, at times, is unable to convey information verbally. Id. at 25. As such, he has been assisted by a fellow inmate, George Lopez ("Lopez"), who has drafted all of Plaintiff's filings in this case, as well as all of the filings in grievance 252955. See (Doc. 74-2) at 18-19, 25, 27-29; see also Lopez Dep., Ex. 3 to Def.'s Concise Statement of Material Facts (Doc. 74-3) at 17-18. In his deposition, Lopez admits that he was not present during the events of December 4, 2008. Instead, his knowledge of what occurred during the search is limited to what he has been told by Plaintiff, and what he has gleaned from jailhouse gossip. (Doc. 74-3) at 26.

B. Standard of Review

Summary judgment is appropriate if, drawing all inferences in favor of the nonmoving party, the record indicates that ". . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The moving party bears the initial burden

of identifying evidence that demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party must set forth ". . . specific facts showing that there is a genuine issue for trial . . ." or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The inquiry, then, involves determining "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990), *cert. denied*, 501 U.S. 1218 (1991) (quoting Anderson, 477 U.S. at 251-52). If a court, having reviewed the evidence with this standard in mind, concludes that "the evidence is merely colorable . . . or is not significantly probative," then summary judgment may be granted. Anderson, 477 U.S. at 249-50. Finally, while any evidence used to support a motion for summary judgment must be admissible, it is not necessary for it to be in admissible form. See Fed.R.Civ.P. 56(c); Celotex, 477 U.S. at 324; J.F. Feeser, Inc., v. Serv-A-Portion, Inc., 909 F.2d 1524, 1542 (3d Cir. 1990).

    C. Analysis

        1. First Amendment Retaliation

"Government actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Allah v. Seiverling, 229 F.3d 220, 224-25 (3d

Cir. 2000) (internal quotes and citation omitted); Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). In order to succeed on a claim of retaliation, a prisoner must demonstrate:

> 1) the conduct in which he was engaged was constitutionally protected;
>
> 2) he suffered "adverse action" at the hands of prison officials; and
>
> 3) his constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him.

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002) (quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)). To show an "adverse action," Plaintiff must demonstrate that Defendant's acts were "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." Allah v. Al-Hafeez, 208 F.Supp.2d 520, 535 (E.D. Pa. 2002) (quoting Allah v. Seiverling, 229 F.3d at 225).

If a plaintiff proves the above elements, the burden shifts to the state actor to prove that it would have taken the same action even without the unconstitutional factors. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). In the prison context, the state actor may rebut a plaintiff's claim by showing that his actions were motivated by legitimate penological objectives. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

Defendant argues that Plaintiff has failed to adduce sufficient evidence to support a *prima facie* case of retaliation. (Doc. 73) at 4. Specifically, it is Defendant's position that Plaintiff cannot satisfy the third element – *i.e.*, that a causal link exists between any protected conduct by Plaintiff and Defendant's adverse action. Id.

Defendant provides four bases for this assertion. First, Defendant has submitted evidence, in the form of a short declaration, that his handling of Plaintiff's medicine bag was not

5

done with retaliatory intent with respect to any grievances that Plaintiff had filed against him. Id.; see also (Doc. 74-3) at 35. Defendant argues that this is corroborated by the DOC's responses to grievance number 252955. Second, Defendant characterizes Plaintiff's deposition testimony that Defendant handled his medicine bag because "he didn't like me or something," as well as Plaintiff's inability to provide a reason for that alleged dislike, (Doc. 74-2) at 42 – 43, as not supporting the conclusion that Defendant acted with retaliatory motive. (Doc. 73) at 5. Third, given Plaintiff's inability to recall the events of December 4, 2008, he is unable to present any eyewitness testimony establishing Defendant's retaliatory motive. Finally, Defendant argues that Plaintiff's grievance and appeals are not admissible evidence, as "[t]here is no question but that all of these documents were wholly produced by . . . Lopez[,]" rendering them inadmissible hearsay. Id.; see also Fed.R.Evid. 802.

These arguments are unpersuasive for the following reasons. First, while it is true that Defendant has presented an extremely brief declaration in which he baldly asserts that he possessed no retaliatory intent when he handled Plaintiff's medicine bag, (Doc. 74-3) at 35, this does nothing more than take a position that is contrary to Plaintiff's claims in the complaint and in the relevant grievance. If anything, this declaration underscores the existence of factual disagreements between the parties. Second, while Plaintiff did respond in his deposition in the manner described by Defendant, these statements could be viewed by a reasonable trier of fact as being consistent with an individual who no longer recalls the events in question due to cognitive disabilities.

The greatest obstacle to Plaintiff's claim surviving the instant motion is his obvious lack of recollection of the events of December 4, 2008, which appears to be a result of some unnamed – although apparently undisputed, see (Doc. 73) at 6) – impairment to his memory. Additionally,

the record supports the conclusion that Plaintiff cannot produce the testimony of any other individuals who have direct, firsthand knowledge of what occurred during the search of his cell. This situation is further complicated by the fact that Plaintiff has admitted that Lopez, who did not witness the events, wrote all of Plaintiff's filings in this case, as well as Plaintiff's submissions in connection with grievance 252955.

Federal Rule of Evidence 802 generally prohibits the admissibility at trial of hearsay evidence. However, Rule 803 provides a list of exceptions to the hearsay rule that exist regardless of the availability of the declarant. This includes, *inter alia*, a declarant's recorded recollection. The applicable subsection of the Rule states:

> A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.

Fed.R.Evid. 803(5). It would appear, at first blush, that Plaintiff's initial grievance concerning the matter, submitted only a day after the occurrence itself, would be sufficient to be admissible under this Rule. However, Defendant counters that, contrary to the Rule, there is no indication of reliability of Plaintiff's memory in the grievance, and thus the characterization of Plaintiff's grievance number 252955 as a recorded recollection would be improper. (Doc. 73) at 6.

A review of the record does not entirely support Defendant's assertion. First, it is important to note that Plaintiff's deposition – on which this argument appears to be largely based – was taken on August 13, 2010. This was more than a year-and-a-half after the search at issue took place. (Doc. 74-2) at 2. Grievance 252955 was filed on December 5, 2008 – merely one

7

day after the incident itself.  While it is clear that Plaintiff did not possess any memory of the incident in question at the time of his deposition, the record does not go so far as to indicate that Plaintiff's cognitive disabilities are so severe that he cannot remember occurrences that took place merely one day earlier.  Second, the investigating officer assigned to grievance 252955 indicated in his written response to the initial grievance that he was able to talk to Plaintiff about the incident.[2]  (Doc. 74-3) at 5.  As such, it would not be unreasonable to conclude that Defendant's treatment of the medicine bag was still fresh in Plaintiff's mind and reliable at the time that the initial grievance was filed.  Third, Lopez has stated in his deposition that Plaintiff reviewed grievance 252955 prior to signing and submitting it.  Id. at 11.

Even in cases where a declarant has suffered memory loss, Rule 803(5) will allow prior recorded recollection to be admitted if there is sufficient indicia of its reliability.  Examples of such indicia are the review and adoption of the statement prior to the declarant's loss of memory.  See United States v. Mornan, 413 F.3d 372, 377-78 (3d Cir. 2005).  As stated above, there is evidence on the record that Plaintiff reviewed and signed the initial grievance form the day after Defendant searched his cell, and that Plaintiff was able to discuss the incident with the DOC's investigating officer.  Thus, it is at least arguable that the initial grievance form will be found to be admissible under Rule 803(5) as Plaintiff's recorded recollection.[3]

As stated above, the summary judgment standard requires all inferences to be drawn in favor of the non-moving party.  Applying this standard, it appears that a genuine issue of material fact exists with respect to Defendant's motive when he handled Plaintiff's medicine bag

---

[2] Defendant concedes that the DOC's responses to Plaintiff's grievances are likely admissible as non-hearsay under Federal Rule of Evidence 801(d)(2).  (Doc. 73) at 7 n.1.

[3] Nothing in this report should be construed to be a final determination of the admissibility of any evidence in the record.  Should this case reach trial, that decision will be made by Judge Ambrose.

8

on December 4, 2008. As such, Defendant's motion for summary judgment should be denied with respect to Plaintiff's First Amendment retaliation claim.

        2. First Amendment Free Exercise Claim

The First Amendment to the Constitution of the United States, made applicable to the States by the Fourteenth Amendment, Cantwell v. Connecticut, 310 U.S. 296, 303 (1940), provides, *inter alia*, that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof. . . ." U.S. Const. amend. I. "Convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison," Bell v. Wolfish, 441 U.S. 520, 545 (1979), including the protections of the First Amendment and its directive that no law shall prohibit the free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). "[A]ll prisoners must be afforded reasonable opportunities to 'exercise the religious freedom guaranteed by the First and Fourteenth Amendments.'" Small v. Lehman, 98 F.3d 762, 765 (3d Cir.1996) (*overruled in part on other grounds*, City of Boerne v. Flores, 521 U.S. 507 (1997)) (quoting Cruz v. Beto, 405 U.S. 319, 322 n.2 (1972)).

"The mere assertion of a religious belief does not automatically trigger First Amendment protections, however. To the contrary, only those beliefs which are both sincerely held and religious in nature are entitled to constitutional protection." DeHart v. Horn, 227 F.3d 47, 51 (3d Cir. 2000). See also Sutton v. Rasheed, 323 F.3d 236, 250-51 (3d Cir. 2003).

Once a sincerely held religious belief has been demonstrated, an inmate may show that a prison regulation or practice violates the right to free exercise of religion by demonstrating that it violated the "reasonableness test" set forth in Turner v. Safley, 482 U.S. 78, 89 (1987), and O'Lone, 482 U.S. 349. This test examines the following four factors: (1) whether the regulation

or practice in question furthers a legitimate governmental interest unrelated to the suppression of expression; (2) whether there are alternative means of exercising First Amendment rights that remain open to prison inmates; (3) whether the right can be exercised only at the cost of less liberty and safety for guards and other prisoners, and the effect on prison resources in general; and (4) whether an alternative exists which would fully accommodate the prisoners' rights at *de minimis* cost to valid penological interests. Thornburgh v. Abbott, 490 U.S. 401, 415-18; Turner, 482 U.S. at 89-91. These standards indicate that "when a prison regulation or practice encroaches upon prisoners' rights to free exercise of their religion, the regulation is valid if it is reasonably related to a legitimate penological interest." Ramzidden v. Monmouth Cnty. Sherriff Dept., No. 09-4829, 2010 WL 1752540, at *11 (D.N.J. Apr. 30, 2010). However, prison administrators need not choose the least restrictive means possible in trying to further penological interests, Thornburgh, 490 U.S. at 411, and it is the burden of the plaintiff to disprove the validity of a prison regulation or practice. Williams v. Morton, 343 F.3d 212, 217 (2003) (citing Overton v. Bazzetta, 539 U.S. 126 (2003)).

It is impossible to perform a traditional analysis under Turner in this case because Plaintiff alleges that Defendant's treatment of his medicine bag were contrary to DOC policy. However, in support of summary judgment, Defendant bypasses this issue by arguing that the evidence adduced by Plaintiff supports, at best, a claim for negligence. (Doc. 73) at 8. Indeed, section 1983 does not provide a cause of action for claims based on the mere negligence of state actors. See Tucker v. Arnold, 361 F.App'x 409, 410 (3d Cir. 2010) (citing Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1277 (3d Cir. 1994)); see also Daniels v. Williams, 474 U.S. 327, 328 (1986). However, in light of this Court's above analysis of Plaintiff's retaliation claim, it is apparent that a genuine question of fact exists as to whether

Defendant's actions were willful, or merely negligent.  Accordingly, Defendant's motion should be denied with respect to this claim as well.

### III. CONCLUSION

For the reasons stated above, it is respectfully recommended that Defendant's motion for summary judgment (Doc. 72) be denied.

In accordance with the Magistrates Act, 20 U.S.C. § 636(b)(1) (B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this report and recommendation must be filed by June 2, 2011.  Failure to file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).  Responses to objections are due June 16, 2011.

Dated: May 19, 2011                    s/Cathy Bissoon
                                       CATHY BISSOON
                                       UNITED STATES MAGISTRATE JUDGE

cc:
**ERNEST PORTER**
AY-7434
SCI Greene
175 Progress Drive
Waynesburg, PA 15370